Okay, Mr. Lancaster, if you're ready, the next case is number 2010-1078, Duratech against Bridgeview Manufacturing. Mr. Lancaster. May it please the court, I do represent the appellant, Bridgeview. As the court appreciates, I'm appearing before the court for the second time on the same issue, the construction of the word manipulator in the context of an invention to set up a structure for distributing crop material. After receiving the court's first opinion, which narrowed and reversed the decision of the lower court, I didn't expect to be standing here again, particularly after the last paragraph instructions from that decision in which the court said that the term manipulator was not so empty a concept that it needed to be filled in from the specification. But perhaps more to the point, I don't think even Duratech expected to be standing here with respect to this issue, because when we moved for summary judgment of infringement after the court's prior ruling, Duratech did not propose the construction that the district court adopted. In fact, it didn't propose any alternative construction at all. Instead, it argued merely that there was a fact issue created by various events in the Canadian proceeding. We think that this second appeal presents as starkly as any case can the question of whether limitations from a specification are gonna be imported into otherwise clear claim language. We don't think there's any novel legal principles here. It's a straightforward application of a rule that this court has announced many times. But we've also announced the legal principles that the claims are construed, interpreted in light of the specification. That's right, Your Honor. That needs to be balanced, doesn't it? That's right, Your Honor. And in particular, the court in looking at that question has identified a number of respects in which claim language may be changed by language in the specification, or for that matter, in the file history. The court has held, for instance, that if there is a definition in the specification, that might overrule otherwise clear claim language. The court has held that if there's a disavowal in either the specification or the file history, that might overrule clear claim language. Obviously, if there's a narrowing amendment in the file history, that might overrule otherwise clear claim language. But in this case, there is nothing plausibly in the specification or the file history that could plausibly be used to either supply a definition or change the scope of the construction. What we argued before was that plain meaning applied, but if this court is going to apply a definition, the definition that this court referenced in its prior opinion is what we think is the most sensible one. And what this court said in its prior opinion, citing a 1997 Random House Dictionary definition, was that a manipulator is a, quote, mechanical device for remote handling of objects or materials in conditions not permitting the immediate presence of workers, close quote.  the first time it looked at the case. Now, the arguments that Neurotech makes in this case are not exactly the argument that Your Honor just phrased. But the specification says, the present invention is manipulators with rollers and walls. I mean, that's saying that invention is this. We've often said that sort of language is very important. What the specification says, I think, in virtually every section quoted by Neurotech, is here's the invention as depicted in, as it happens, figures 1, 2, and 3. And it does go on at some length to describe that invention depicted there. But the problem with the conclusion that that's the entire invention is the specification makes clear that those are embodiments. The drawings, the figures. Counsel, not on column 8, the language Judge Rader was referring to at 66 and 67, says, in accordance with the present invention, the manipulator means includes rollers, walls, to combine and control, blah, blah, blah. I mean, that's not a reference to a particular figure, nor does it indicate that this is only a reference to one embodiment. But rather, more broadly, says this is the present invention. Your Honor, I'm not seeing the exact language that you're referring to. Could you give me the? Column 8, line 66. OK. Thank you. The context of that statement, as I say, is discussion of particular embodiments. Although I appreciate, Your Honor, that in that particular section, it doesn't discuss them. Now, what is ironic about the argument that Duratech makes here, which does contain a number of references in which the specification, and the court has just pointed to one, discusses rollers, is that the premise of the prior appeal was the regular use of the phrase manipulator means, or means for manipulation meant that it was a means plus function language. And so while it is correct that in a number of places there's a reference to a manipulator with rollers, there are also many references. And those are the references that Duratech spoke to on the first appeal to means for manipulation or manipulation means. But the most important. I guess I don't understand your point. Our court has held that when you use the word manipulator in a claim, it does not amount to a 112-6 trigger. So that's not something for us to reach in this case. That is the law of the case, and it's decided. But are you suggesting that throughout the specification, when they alternately refer to manipulator, manipulator means, means of manipulation, that somehow it's multiple different things? Or are you in agreement that when the spec refers, uses those words, it's always talking about the same manipulator that is the subject of these claims? Our position is that the specification makes clear, through those alternative forms, manipulator means, means for manipulation, granted that we're not arguing about means plus function language anymore, that there can be different kinds of manipulator. Would you agree that the only particular embodiment disclosed anywhere in the specification to act as a manipulator are the rollers in combination with the shape of the device? Yes, Your Honor. I do agree with that. And I would also call the court's attention to many cases, including Phillips, but many other cases that say, even if a single embodiment is disclosed, that does not constitute a disavowal or a definition. But doesn't it cause you some concern for written description? We are to construe claims to have their plain and ordinary meaning in light of the specification. But usually, a patentee in this context would be quite nervous that if there is only one embodiment disclosed, if we construe the claim more broadly, could one of those be careful what you wish for, I think? You get a broad construction, but at the end of the day, your patent is invalid. Well, we obviously need to deal with some other infringement issues. I want to reach one infringement issue, but we're going to have to deal with some other infringement issues and some validity, invalidity arguments further on in the case. I don't think that the invalidity arguments are before the court right now. It's not that we're being asked to decide written description, but certainly, we're being asked to acknowledge that, and you have yourself acknowledged, that there's only one embodiment actually disclosed for what can function as a manipulator in the context of this invention, and that is the rollers. So that leaves you open to quite a strong written description defense. And usually, as I said, we take that into context because one of the canons of claim construction is to construe the claim in such a way as to preserve its validity. And so I mean, I'm not deciding validity, but certainly sort of cautioning you that the construction you ask for may be to your own death. I appreciate that, Your Honor. But if the disclosure of a single embodiment led to a written description problem, this court would have to undo reams of authority because, in effect, it would be holding that every time there's a discussion of a single embodiment, although the court says repeatedly, we're not going to limit the claims, that we're going to look at the claims, that claim may well be invalid for a written description problem. And I don't think that that's what the court has held. What we ought to be doing is looking at the claim language. And obviously, the claim language that we're looking at refers to manipulator. It doesn't refer to manipulator rollers with one prominent exception. And that's Claim 4 and claims pending from Claim 4, which are not asserted in this case. And those claims are inconsistent, we think, with the argument that manipulator is defined to be manipulator rollers. Now, the Claim 4 is not identical to the construction that the lower court used. But if manipulator were defined to mean rollers, it is hard to make sense out of the language in Claim 4. No, not really. This isn't a claim differentiation case because Claim 4 has two rollers, and it talks about exactly how they're to be mounted, where they're to be mounted, how they have to be parallel to the disintegrator. So the first claim, the independent claim, could still be construed to apply only two rollers. And Claim 4 would be a further refinement thereof because it's defining their location and the exact number that there must be. So the exact reason that Your Honor has just identified, we are not making a technical claim differentiation argument. We're making a narrower point that if manipulator is defined as rollers, that's very odd phrasing. I wonder if I might speak just briefly to the second half of our argument, which is the request that summary judgment be entered on this issue to ensure that we're not standing before this court yet a third time on the same issue. We move for summary judgment based upon the ruling of this court in the prior case, and also on the statements by both parties' experts. Our expert, as you would expect, is did conclude that the term manipulator encompassed the chain slap conveyor that is used in the defendant's device. No surprise there. But perhaps a little bit more surprising, the Duratech expert, in fact, pair of experts, also did the same thing, impliedly rather than explicitly. In the infringement context, Duratech's United States expert established that, these are his words, quote, the manipulation of the bail on the Duratech machines is achieved by a three-chain slap conveyor, close quote. The Duratech expert, in other words, found that that Duratech device constitutes manipulation. Even more clearly, and we have the page sites in our brief, when that expert was discussing invalidity, it cited three prior art patents, each of which used chain slap conveyors, each of which, according to the expert, satisfied the manipulator element of this claim. And so in two respects, even Duratech's expert found that the manipulator element was satisfied. Now, we move for summary judgment, produced that evidence. In response, Duratech produced nothing other than a citation to Canadian proceedings, and a Canadian expert applying Canadian law to say that a fact issue should be created. As a matter of law, your honors, we submit that that's insufficient, and that the appropriate response for this court is to have summary judgment entered with respect to the manipulator element, because it failed to carry its burden, and also as a practical matter, to ensure that we're not standing before the court yet again. We would leave for further proceedings the invalidity issues that Judge Moore has raised. We're prepared to deal with those, but those are not before the court at this point. Subject to further questions, I would seek to reserve my remaining time for the rebuttal. Thank you, Mr. Lancaster. Mr. Dante? May it please the court. Mr. Lancaster brought up the prior decision from this court, of which you were a member, Judge Rader. In section one of the decision, at the top of page two, it says, in explaining the invention, the manipulator has rotating rollers, which in turn, the bail above a simultaneously rotating disintegrator. So in the prior decision, the court has said that the manipulator does have rollers. One of the arguments that Mr. Lancaster and the public say in some detail that there are definitions supplied, we refer to dictionaries. We note that this is a post Phillips case, and so we note that we recognize the limited use of dictionaries, but we still adopt some of these definitions. I agree wholeheartedly, Your Honor. Then why doesn't the court follow those? I don't know, Your Honor. But I thought this was an interesting comment, the manipulator has rotating rollers, and I just bring it up for a comment. But then we give manipulator mechanical device for remote handling of objects or materials and so forth. Why isn't that definition followed? Well, I think it can be followed, but the judge has modified that. Judge Eriks has modified it somewhat to say that manipulator includes rollers, just that. He doesn't say two rollers. He doesn't say manipulator includes sidewalls with projections. He doesn't say that the manipulator rollers or manipulating rollers have paddles, with the paddles being angularly disposed or having curved lower ends, and that the rollers are parallel to the- Claim one states that there's a disintegrator having a roller, right? Yes. So it knows what a roller is, and then it goes on to say a manipulator mounted inside blah, blah, blah. Inside the container. It doesn't say a manipulator with a roller. No, it does not. Just what it said about the disintegrator. So obviously, and that's somewhat bolstered, as was suggested earlier, by claim four, which talks about the rollers with the manipulator. It seems like claim one is much broader than rollers. Yes, claim one is much broader. I noticed that Mr. Lancaster avoided claim differentiation theory. Well, but that, I'm saying that the claim does not have rollers in it. I agree. If you agree, then why don't we send it back, and we can save the rest of time here. Well, I would like to comment a little bit more, if I may, Your Honor. Please. It's a long way from our office, just to take a few minutes. Didn't the district court limit this to rollers? Yes, rollers. And you say that's not what it says, so maybe we're done. If you put that language in to claim one, the language would say, with this limitation, a manipulator, including rollers, mounted inside the container for driving the crop material into the disintegrator. This machine was designed to prevent jamming, and solely to prevent jamming. As an afterthought, they said, well, you could discharge it from the right side, you could discharge it from the left side, or either side. You could also reverse the rotation of the disintegrator roller with a reversible hydraulic motor. There is nothing in claim one that spells out anything that would prevent jamming. So you have to include some language for the manipulator to prevent jamming. That's my theory, Your Honor. Well, why is that rollers? Why can't that be chain-driven devices, which were known to those of skill in the art? Well, they don't support the bail above a disintegrating roller. They move the bail material into it. This design, this patent, was designed to eliminate the jamming. The Bouchier patent in Canada showed rollers, but they did not show paddles. They showed sidewalls, but they did not show projections. But this was designed, with those paddles in mind, to prevent jamming. Where in the claim does it specify that the manipulator must have rollers? It does not. It would if Judge Erickson's interpretation is correct, or construction is correct. In the debrief, they have argued that the plain language for the manipulator describes the precise or the exact physical embodiment. Can I make sure I understand your answer to Judge Rader's question? He keeps asking you where in the claim it says rollers. I mean, I thought I understood your definition of the word manipulator to be rollers. And so therefore, it would. Maybe I'm wrong. I mean, did you argue that the entire specification says manipulator is rollers, and that therefore, that is your definition, that a manipulator, in this case, the only one ever mentioned, the only thing that is used, is in fact, the present invention of this thing is rollers? I mean, isn't that? No? OK. I think there's a subclass of it. The manipulation means that is discussed in the specification are the walls with the projections, the paddles on the rollers, with the paddles standing out at an angle, with curved ends. But as a part of that, the only word, only phrase, or term that uses manipulator is with manipulator rollers. The rollers are described as manipulator rollers. And I think that Judge Erickson is completely proper in assuming and interpreting or constructing the claim to include rollers. Would one of skill in the art have known at the time you could also manipulate it with a chain-driven device? I don't know that, Your Honor. But I think if a person having ordinary skill in the art at the time of the invention, which would be the filing date of the invention. It says it includes rollers. That means there must be other things that manipulate as well, right? Such as chain manipulators. The manipulation means is described as supporting and manipulating the crop material. A flat chain drive, which my client has been using for 30 years or more, does not support the bale. If your client's been using it, then people of skill in the art do know that a manipulator is more than rollers, right? It can be, yes. So the claim claims it as something other than just rollers. But this person skilled in the art, Your Honor, at the time of the invention, in reading it. And they won't have a written description problem because one of skill in the art will read the term manipulator to mean either a chain device or a roller device, right? No, I don't agree with that. I think that a person skilled in the art that we're talking about. Well, you said you've used it for 30 years. So one of skill in the art must know this very familiar, but must be very familiar with this. It does manipulate or move the crop material. But the person skilled in the art is presumed to be reading the specification. And there is nothing in there that says that you could have anything other than a manipulator rollers. There's nothing. So this person of ordinary skill in the art would say, oh, they've claimed a manipulator. It has to be these two rollers suspended above this integrated roller. Even though there are prior art processors with conveyor belts, right? Oh, certainly. I grew up on a farm. We had all kinds of conveyors. And this claim seems to talk about a manipulator without reference to rollers, right? Yes. As Mr. Donner has said before this court, I'm not out of time, but I'm out of words. OK. Well, thanks, Mr. Tompkins. Mr. Lancaster? I want to clarify my main two very brief points. First, I would like to return to Judge Moore's question, which I don't think I did a very good job of answering. And that is the reference to clay. And I would draw the court's attention to midway down that column, I think line 33 to be exact, Which column? Column 8. OK. It's the same language that Judge Moore was referring to. But now I'm referring to the introduction to that language. So column 8, line 33. Turning now to the operation of the crop material processor, reference to figures 1 through 14 is still made throughout. And so what the drafter is saying there is that those figures, which are explicitly described several times as being an embodiment, are what the specification is still talking about. But they all show rollers. Your Honor, we can see. There aren't any that show a manipulator other than rollers. We can see that the sole embodiment that is depicted is rollers, Your Honor. But just to, I want to return to that point, Your Honor, but if I could close off the point, try to close off our response to Judge Moore's further point, we do not think that the language in accordance with the present invention constitutes necessarily a definition. Because that language clearly indicates that what's described is within the scope of the invention. It does not necessarily say by in accordance with that it is limited to that term. The last point that I'd like to make and to close with is the argument that counsel just made and the arguments that are contained in the Duratec brief illustrate, as strongly as could be illustrated, why this Court has held that you don't import limitations from the specification into the claim even when there's just one embodiment. And one reason that the Court has consistently identified is you don't know where to stop. And what we have heard is not just rollers, but these sidewalls and these other elements and these other elements. Every time it's described in the brief, the list of elements gets a little bit longer. Why you would stop at rollers and not these other things is an illustration of why this Court has not adopted that principle. Thank you, Mr. Lankin. Thank you.